# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **NuWave, LLC,** | |
| Plaintiff, | Civil Action No:_____ |
| v. | |
| **Shenzhen WoMei Tech Co., Ltd d/b/a Bagotte Technology Co., Ltd., and Taishan Jie Wei Electrical Appliance Co., Ltd.** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff NuWave, LLC for its Complaint against Defendants, alleges as follows:

## THE PARTIES

1.   Plaintiff NuWave, LLC ("NuWave") is a limited liability company organized under the laws of the State of Illinois with its principal place of business located in Libertyville, IL.

2.   On information and belief, Defendant Shenzhen WoMei Tech Co., Ltd. d/b/a Bagotte Technology Co., Ltd ("Bagotte") is a Chinese company with its principal place of business located at 308, Block B, Shenhai Building, Wanzhong City, Minzhi Street, Longhua District, Shenzhen China.

3.   On information and belief, Defendant Taishan Jie Wei Electrical Appliance Co., Ltd. ("TSJW") is a Chinese company with its principal place of business located at No. 81 South Industrial Zone, Dajiang Town, Taishan City, Guangdong, China.

1

## JURISDICTION AND VENUE

4. This action is for patent infringement against both Defendants under the patent laws of the United States, 35 U.S.C. § 1 et seq. and for breach of contract against TSJW.

5. NuWave is a resident and citizen of the State of Illinois.

6. On information and belief, Bagotte and TSJW are not citizens or residents of Illinois. Rather, each are citizens and residents of a foreign state.

7. On information and belief, the damages to NuWave for the acts complained of herein exceed the sum of $75,000.

8. Accordingly, this Court has subject matter jurisdiction over the patent claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and over the breach of contract claim pursuant to 28 U.S.C. §§ 1332 and 1367.

9. This Court has personal jurisdiction over Bagotte because Bagotte regularly does business in the State of Illinois and in this District and uses, sells, and/or offers for sale infringing products in the State of Illinois and in this District, and otherwise benefits from such acts of infringement in the State of Illinois and in this District.

10. This Court has personal jurisdiction over TSJW because TSJW regularly does business in the State of Illinois and in this District and uses, sells, and/or offers for sale infringing products in the State of Illinois and in this District, and otherwise benefits from such acts of infringement in the State of Illinois and in this District.

11. Moreover, on or around May 26, 2016, TSJW and NuWave entered into a Tooling and Manufacturing Agreement. Pursuant to that contract, its terms are to be governed by and construed in accordance with the laws of the State of Illinois and TSJW agreed and consented that jurisdiction and venue of all matters relating to the contract, including the matters

complained of herein, will be vested exclusively in the federal, state, and local courts within the State of Illinois.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Bagotte and TSJW are not residents of the United States.

## BACKGROUND

13. The U.S. Patent and Trademark Office issued U.S. Design Patent No. D836,381 ("the '381 Patent"), titled "Air Fryer Housing," on December 25, 2018.

14. A true and correct copy of the '381 Patent is attached hereto as Exhibit A.

15. The '381 Patent issued from an application filed on June 22, 2017.

16. The inventors of the '381 Patent are Jung S. Moon, Eunjung Huh, Byung G. Choi, Li Xiang Jun, Zeng Qing Ping, Kim Jong Rok, and Huang Zhen Xiong; each of whom has assigned or was under a duty to assign his or her interest in the subject matter of the '381 Patent to NuWave.

17. The '381 Patent was applied for in the name of NuWave and NuWave is the owner of the entire right, title, and interest to the '381 Patent.

18. The '381 Patent discloses and claims an ornamental design for an air fryer housing as shown in Figures 1-7.

19. Pursuant to 35 U.S.C. § 282, the '381 Patent is presumed valid.

20. The U.S. Patent and Trademark Office issued U.S. Design Patent No. D853,787 ("the '787 Patent"), titled "Air Fryer Basket," on July 16, 2019.

21. A true and correct copy of the '787 Patent is attached hereto as Exhibit B.

22. The '787 Patent issued from an application filed on November 28, 2018.

23. The inventors of the '787 Patent are Jung S. Moon, Eunjung Huh, Byung G. Choi,

Li Xiang Jun, Zeng Qing Ping, and Kim Jong Rok; each of whom has assigned or was under a duty to assign his or her interest in the subject matter of the '787 Patent to NuWave.

24. The '787 Patent was applied for in the name of NuWave and NuWave is the owner of the entire right, title, and interest to the '787 Patent.

25. The '787 Patent discloses and claims an ornamental design for an air fryer basket as shown in Figures 1-7.

26. Pursuant to 35 U.S.C. § 282, the '787 Patent is presumed valid.

27. The U.S. Patent and Trademark Office issued U.S. Design Patent No. D834,889 ("the '889 Patent," collectively with the '381 Patent and the '787 Patent, the "NuWave Design Patents"), titled "Air Fryer Basket," on December 4, 2018.

28. A true and correct copy of the '889 Patent is attached hereto as Exhibit C.

29. The '889 Patent issued from an application filed on June 22, 2017.

30. The inventors of the '889 Patent are Jung S. Moon, Eunjung Huh, Byung G. Choi, Li Xiang Jun, Zeng Qing Ping, and Kim Jong Rok; each of whom has assigned or was under a duty to assign his or her interest in the subject matter of the '889 Patent to NuWave.

31. The '889 Patent was applied for in the name of NuWave and NuWave is the owner of the entire right, title, and interest to the '889 Patent.

32. The '889 Patent discloses and claims an ornamental design for an air fryer basket as shown in Figures 1-7.

33. Pursuant to 35 U.S.C. § 282, the '889 Patent is presumed valid.

34. On May 26, 2016, NuWave and TSJW entered into a Tooling and Manufacturing Agreement pursuant to which TSJW would manufacture an air fryer in accordance with specification provided by NuWave.

35. A true and correct copy of the Tooling and Manufacturing Agreement (the "Agreement") between NuWave and TSJW, redacted to remove pricing and other sensitive information, is attached hereto as Exhibit D.

36. Among the terms of the Agreement, NuWave paid TSJW to make tooling for manufacturing the air fryer for NuWave with NuWave owning the tooling and licensing use of the tooling to TSJW provided that the tooling was used exclusively for the purpose of manufacturing the air fryer for NuWave.

37. TSJW also agreed to supply the air fryer exclusively to NuWave.

38. The Agreement had an initial term of 18 months following the date of the first delivery of the air fryers from TSJW to NuWave and renewed automatically for successive 12-month periods thereafter.

39. The Agreement has not been canceled and NuWave has performed all necessary conditions precedent for TSJW's performance.

### TSJW'S BREACH OF THE AGREEMENT AND THE DEFENDANTS' INFRINGEMENT

40. On information and belief, notwithstanding its promises contained in the Agreement, TSJW has manufactured an air fryer for Bagotte using NuWave's tooling that infringes upon NuWave's Design Patents.

41. On information and belief, TSJW has manufactured an air fryer identified as JW-AF001A for Bagotte that infringes upon NuWave's Design Patents; the JW-AF001A air fryer is then imported into the United States by or at the direction of Defendants and sold to end consumers within the United States by Bagotte.

42. The following chart compares the JW-AF001A to the '381 Design Patent:









43. The following chart compares the JW-AF001A air fryer to the '787 and '889 Design Patents:







44. As shown, the JW-AF001A is substantially similar to the NuWave Design Patents in the eye of an ordinary observer.

45. Accordingly, the JW-AF001A infringes upon the NuWave Design Patents.

**COUNT I: INFRINGEMENT OF U.S. DESIGN PATENT NO. D836,381**
**(Against All Defendants)**

46. NuWave realleges and incorporates each of the allegations set forth in paragraphs 1-45 as if restated herein in their entirety.

47. Defendants have made, used, sold, offered to sell, and/or imported into the United States an air fryer having a design that infringes upon the '381 Patent without NuWave's permission, including without limitation the JW-AF001A air fryer.

48. Defendants have profited through infringement of the '381 Patent. As a result of Defendants' unlawful infringement of the '381 Patent, NuWave has suffered and will continue to suffer damages.

49. The '381 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. § 282.

50. NuWave is the owner of all right, title, and interest in and to the '381 Patent and possesses all rights of recovery under the '381 Patent.

51. On information and belief, Defendants had actual knowledge of the '381 Patent at all times relevant to this action.

52. Defendants' infringement of the '381 Patent has been and continues to be willful. Therefore, NuWave is entitled to treble damages under 35 U.S.C. § 284 and this case is exceptional under 35 U.S.C. § 285.

53. As a direct and proximate result of Defendants' infringement of the '381 Patent, NuWave has suffered irreparable harm as well as monetary and other damages in an as-yet-undetermined amount. Furthermore, unless Defendants are enjoined by this Court from continuing their infringement of the '381 Patent, NuWave has suffered, and will continue to suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

54. Unless and until enjoined, Defendants' infringing activity will continue to cause harm to NuWave that is irreparable and for which there is no adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. DESIGN PATENT NO. D853,787
### (Against All Defendants)

55. NuWave realleges and incorporates each of the allegations set forth in paragraphs 1-54 as if restated herein in their entirety.

56. Defendants have made, used, sold, offered to sell, and/or imported into the United States an air fryer having a basket design that infringes upon the '787 Patent without NuWave's permission, including without limitation the JW-AF001A air fryer.

57. Defendants have profited through infringement of the '787 Patent. As a result of Defendants' unlawful infringement of the '787 Patent, NuWave has suffered and will continue to suffer damages.

58. The '787 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. § 282.

59. NuWave is the owner of all right, title, and interest in and to the '787 Patent and possesses all rights of recovery under the '787 Patent.

60. On information and belief, Defendants had actual knowledge of the '787 Patent at all times relevant to this action.

61. Defendants' infringement of the '787 Patent has been and continues to be willful. Therefore, NuWave is entitled to treble damages under 35 U.S.C. § 284 and this case is exceptional under 35 U.S.C. § 285.

62. As a direct and proximate result of Defendants' infringement of the '787 Patent, NuWave has suffered irreparable harm as well as monetary and other damages in an as-yet-undetermined amount. Furthermore, unless Defendants are enjoined by this Court from continuing their infringement of the '787 Patent, NuWave has suffered, and will continue to

suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

63. Unless and until enjoined, Defendants' infringing activity will continue to cause harm to NuWave that is irreparable and for which there is no adequate remedy at law.

### COUNT III: INFRINGEMENT OF U.S. DESIGN PATENT NO. D834,889
(Against All Defendants)

64. NuWave realleges and incorporates each of the allegations set forth in paragraphs 1-63 as if restated herein in their entirety.

65. Defendants have made, used, sold, offered to sell, and/or imported into the United States an air fryer having a basket design that infringes upon the '889 Patent without NuWave's permission, including without limitation the JW-AF001A air fryer.

66. Defendants have profited through infringement of the '889 Patent. As a result of Defendants' unlawful infringement of the '889 Patent, NuWave has suffered and will continue to suffer damages.

67. The '889 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. § 282.

68. NuWave is the owner of all right, title, and interest in and to the '889 Patent and possesses all rights of recovery under the '889 Patent.

69. On information and belief, Defendants had actual knowledge of the '889 Patent at all times relevant to this action.

70. Defendants' infringement of the '889 Patent has been and continues to be willful. Therefore, NuWave is entitled to treble damages under 35 U.S.C. § 284 and this case is exceptional under 35 U.S.C. § 285.

71. As a direct and proximate result of Defendants' infringement of the '889 Patent, NuWave has suffered irreparable harm as well as monetary and other damages in an as-yet-undetermined amount. Furthermore, unless Defendants are enjoined by this Court from continuing their infringement of the '889 Patent, NuWave has suffered, and will continue to suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

72. Unless and until enjoined, Defendants' infringing activity will continue to cause harm to NuWave that is irreparable and for which there is no adequate remedy at law.

### COUNT IV: BREACH OF CONTRACT
### (Against TSJW)

73. NuWave realleges and incorporates each of the allegations set forth in paragraphs 1-72 as if restated herein in their entirety.

74. TSJW entered into the May 26, 2016 Tooling and Manufacturing Agreement with NuWave.

75. NuWave fully and properly performed all of its obligations under the May 26, 2016 Tooling and Manufacturing Agreement, including paying for tooling necessary to make an air fryer. All conditions precedent, if any, to TSJW's performance have occurred or been waived.

76. Pursuant to the terms of the May 26, 2016 Tooling and Manufacturing Agreement, TSJW made the following promises and agreed to the following obligations:

    a) TSJW agreed to manufacture air fryers pursuant to mutually agreed upon specifications with all applicable safety approvals applied for and held by NuWave (*see* Exhibit D, ¶9);

b) In exchange for an agreed payment, TSJW agreed to create tooling necessary to manufacture the air fryers for NuWave, which shall be the sole and exclusive property of NuWave (*id*, ¶18);

c) In exchange for a license to use the tooling, TSJW agreed to use the tooling <u>EXCLUSIVELY</u> for the purpose of manufacturing the air fryers for NuWave (*id*);

d) In exchange for an agreement to purchase the air fryers from TSJW, TSJW agreed to supply the air fryers exclusively to NuWave throughout the entire world (*id.* ¶22);

e) TSJW agreed that for any litigation brought in the United States regarding the agreement, its terms shall be governed by and construed according to the laws of the State of Illinois (*id.* ¶28);

f) TSJW agreed that jurisdiction and venue would be vested exclusively in the federal, state, and local courts of the State of Illinois (*id.*); and

g) TSJW agreed that the prevailing party in any action to enforce the agreement would be entitled to its reasonable attorney's fees and actual costs incurred (*id.*).

77. On information and belief, despite its promises and obligations set forth in the May 26, 2016 Tooling and Manufacturing Agreement, including without limitation the agreements and obligations set forth above, TSJW has failed to properly perform, including by manufacturing an air fryer for Bagotte, manufacturing the contracted air fryer for others (including Bagotte); and utilizing NuWave's tooling to manufacture an air fryer for others (including Bagotte).

78. As a result of TSJW's breach, NuWave has been and continues to be damaged.

79. The damage that NuWave is suffering, including the loss of exclusivity of the air fryer product, is irreparable and cannot be remedied at law.

80. Unless preliminary and permanently enjoined, TSJW's actions will continue to cause harm to NuWave.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, NuWave, Inc., requests that this Court find in its favor and against Defendants, Shenzhen WoMei Tech Co., Ltd d/b/a Bagotte Technology Co. Ltd, and Taishan Jie Wei Electrical Appliance Co., Ltd., and grant Plaintiff the following relief:

A. That Judgment be entered that Shenzhen WoMei Tech Co., Ltd d/b/a Bagotte Technology Co. Ltd, and Taishan Jie Wei Electrical Appliance Co., Ltd. have infringed the '381, '787, and '889 patents;

B. That, in accordance with 35 U.S.C. § 283, Shenzhen WoMei Tech Co., Ltd d/b/a Bagotte Technology Co. Ltd, and Taishan Jie Wei Electrical Appliance Co., Ltd., and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing the '381, '787, and '889 patents and (2) making, using, selling, and offering for sale the accused Air Fryer;

C. An award of damages sufficient to compensate Plaintiff for Shenzhen WoMei Tech Co., Ltd d/b/a Bagotte Technology Co. Ltd, and Taishan Jie Wei Electrical Appliance Co., Ltd.'s infringement under 35 U.S.C. § 284 and § 289, including an award of enhanced damages up to three times the amount found or assessed;

D. That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees;

E. That judgment be entered that Taishan Jie Wei Electrical Appliance Co., Ltd. has breached its contract with Plaintiff;

F. That Plaintiff be awarded all damages consequential to Taishan Jie Wei Electrical Appliance Co., Ltd.'s breach of contract;

G. That, in accordance with the terms of the parties' agreement, Plaintiff be awarded its attorney's fees and actual costs of this action.

H. Costs and expenses in this action;

I. An award of prejudgment and post-judgment interest; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 27, 2019                                    Respectfully submitted,


/s/ Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Bishop Diehl & Lee, Ltd.
1475 E. Woodfield Rd., Suite 800
Schaumburg, IL 60173
T: (847) 969-9123
F: (847) 969-9124

*Counsel for Plaintiff, NuWave, LLC*